GEORGE H. STEWART,
vs.                          } MARCH TERM, 1852.
HARRIET BEARD ET AL.

[CHANCERY PRACTICE.]

THOUGH it may be competent to vacate upon petition the enrolment of a decree alleged to have been obtained by surprise, yet the general law of the Court is the other way, that a decree after enrolment cannot be reheard upon petition; the remedy is by bill of review.

An order ratifying the Auditor's account, distributing the proceeds of sale under a creditor's bill, cannot be vacated by petition after enrolment, on the ground that the petitioning creditor was not aware that there would be a surplus, after paying the preferred claim of the complainant.

[The bill in this case was a creditor's bill, for the sale of the real estate of John Beard, who died intestate. The decree was passed, the land sold, and the Auditor's account distributing the proceeds ratified, when John D. Meekins, a judgment creditor of said Beard, filed his petition for the vacating of the order of ratification, under circumstances stated in the following opinion of the Chancellor.]

THE CHANCELLOR:

The object of the petition filed in this case, by John D.

Meekins, on the 18th of July, 1851, is to open and rescind the order of the 23d of April, 1850, confirming the Auditor's report of the 18th of the preceding month of March, which report was filed on the 23d of the same month.    The report so confirmed had distributed the residue of the proceeds of the sales, after paying costs and commissions and the preferred claim of the complainant, among the creditors of John Beard, giving a small dividend to each; and the petition prays that this order may be rescinded, and the residue applied to the payment of the claim of the petitioner, in exclusion of the other creditors, upon the ground that the petitioner is a judgment creditor, and entitled as such to a preference.

The decree which was passed on the 2d of July, 1849, directed the trustee to give notice to creditors to come in by a time limited with the vouchers of their claims, and all the usual necessary steps having been taken, the Auditor appropriated the proceeds of the sales among the parties apparently entitled, and his report making the appropriation was duly ratified and confirmed on the 23d of April, 1850, and the trustee directed to apply the proceeds accordingly.    This order remained unchallenged for nearly fifteen months, and then, for the first time, the Court is called upon by petition to open and cancel it, and give a different direction to the money.

Whatever may be the true extent of the powers of this Court over money raised by its decrees, my impression is, that under the circumstances of this case, the order in question should not be rescinded.    That order has all the force and qualities of a decree; and although it may be competent upon petition to vacate the enrolment of a decree alleged to have been obtained by surprise, as may be inferred from the case of *Oliver* vs. *Palmer and Hamilton*, 11 *G. & J.*, 137, it is very clear that the general law of the Court is the other way, and that after a decree has been enrolled, it cannot be reheard upon petition, and that the remedy is by bill of review, *Burch* vs. *Scott*, 1 *G. & J.*, 393.    Several terms had intervened between the passage of this order, and the filing of the petition which seeks to vacate it.    It is an application, then, (by peti-

tion), to open and vacate a decree which has been enrolled, not upon the ground of surprise, because the petitioner does not allege surprise, or any fact from which surprise may be inferred, but upon the ground that until recently before he filed his petition, he was not aware that there would be a surplus, after paying the preferred claim of the complainant. The petitioner does not allege that he had no notice of the decree, or of the sale under the decree, and it is therefore fair to infer that he had such notice. He had been invited to come in under the decree, by the order of publication, but neglected to do so, simply because he thought fit to assume that there would be no surplus; and then, fifteen months after the Court had directed that surplus to be distributed among parties more attentive to their interests than himself, he asks to have the order rescinded, and the money paid to him. To grant his prayer under such circumstances, would, in the language of the Court of Appeals, in *Burch* vs. *Scott*, be establishing "a lax principle of practice, productive of the most deleterious consequences in the administration of equitable jurisprudence."

This is not an application by the purchaser to decree the money to be applied to remove incumbrances from the title, or restored to him in consequence of a defect in the title, and therefore the remarks of the Court of Appeals, in the case of *Glenn* vs. *Clapp*, 11 *G. & J.*, 1, have no application. The purchaser's title here is supposed to be good, no matter how this question may be decided. The question presented, is between the petitioner and the other creditors of Beard. The latter came in under the decree, as they were invited to do. The petitioner did not do so, but after delaying for fifteen months after the Court had adjudicated upon the subject, he comes in, and asks to have the adjudication opened and reversed. My opinion is, he comes too late, and his petition will be dismissed.

A. RANDALL, for the Petitioner.
FRANK H. STOCKETT, for the other Creditors.